[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 20, 2001 Date of Application October 8, 2001 Date Application Filed October 19, 2001 Date of Decision August 19, 2002
Application for review of sentence imposed by the Judicial District of Waterbury at Waterbury, Docket No. MV00-358016.
Joseph Walsh, Esq. For the petitioner
Corinne Klatt, Esq. For the State of Connecticut
BY THE DIVISION
The petitioner was found guilty after a jury trial and convicted of Evading Responsibility-Death/Serious Injury and sentenced to Ten Years execution suspended after eight years with five year probation.
The record shows on January 23, 2000 the Waterbury Police received a complaint of a serious motor vehicle accident involving a pedestrian. A thirty-six year old female pedestrian was struck and killed by a white vehicle that fled the scene. Approximately twenty minutes later Luis Rosario came to the police department and admitted that he was the driver of the car. On March 2, 2000, the petitioner was arrested by warrant on two counts of Manslaughter second degree. After tried he was convicted of Evading Responsibility.
The attorney for the petitioner argued that his client was not treated fairly. He argued that his client has no prior criminal history, he is extremely remorseful and he surrendered himself to the police twenty minutes after the incident and was fully cooperative with all the CT Page 11340 authorities. He argues on behalf of the petitioner that because he turned himself in so quickly that this was not evading coupled with his cooperation, he should be given consideration. He further claims that his client is a good person. Lastly, he argues that the Evading Responsibility statute was increased to a ten year felony after 1997 and this too should be considered on behalf of the petitioner.
The State of Connecticut argues the horrific facts of the case. The victim was struck on the knee and subsequently thrown a long distance by the car driven by the petitioner which caused her death. The State also argued a significant sentence would deter the public from these types of offenses.
When considering these arguments as well as the remarks of the sentencing judge we find that the Court listened and took into account the arguments of both sides including the feeling and position of the victim's family. The Court accepted the sincerity of the petitioner and remarked that he appears to be a decent person.
This Division's authority to modify a sentence is limited, under Practice Book § 43-28 to those sentences which are disproportionate of inappropriate using the various criteria indicated.
In reviewing this sentence pursuant to § 43-28 of the Practice Book, this Division cannot conclude it was either inappropriate or disproportionate.
Accordingly, it is AFFIRMED.
__________________, J. IANNOTTI
__________________, J. NORKO
__________________, J. MIANO
Judges Iannotti, Miano and Norko participated in this decision. CT Page 11341